**Dennis DOYAL and Cynthia Doyal, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. CV 02-1987-PCT-PGR.**

United States District Court, D. Arizona.

Nov. 3, 2003.

Dennis Doyal, Lake Havasu City, AZ, pro se.

Cynthia Doyal, Lake Havasu City, AZ, pro se.

Jeffrey D Snow, Anton L Janik, Jr, U.S. Dept of Justice, Tax Division, Washington, DC, Richard Glenn Patrick, Esq, U.S. Attorney's Office, Phoenix, for United States of America, dft.

*ORDER*

ROSENBLATT, District Judge.

The plaintiffs, representing themselves, commenced this action by filing a Complaint to Recover an Overpayment of Federal Income Tax and Expose Fraud Perpetrated by the IRS by Violating the Separation of Powers Doctrine and the United States Constitution. The relief that the plaintiffs seek through their complaint is to have the Court invalidate the determination made by the IRS appeals office in regards to their 1999 income taxes, and to have the Court order the government to reimburse them for the amounts that the IRS applied to the payment of income taxes from their federal withholding for 1999, and from all years since November 1971 for Dennis Doyal and from all years since July 1972 for Cynthia Doyal; they also seek their court costs and punitive damages.

The plaintiffs, through both their complaint and their response to the United States' motion to dismiss, dispute the Internal Revenue Services' entire process of collecting income tax from them. Their basic argument, to the extent that the Court understands it, is that the collection of income taxes by employees of the IRS violates the separation of powers doctrine because Congress has not enacted any law that establishes liability for the federal income tax or allows employees of the IRS to seize property in connection with the payment of federal income taxes; more specifically, they argue that all of the notices they have received with regard to their federal income tax liability, including their Notice of Levy, have been from IRS employees whereas Congress has required that the Secretary of the Treasury or his delegate to send out these notices.

Among the motions pending before the Court is the Defendant's Motion to Dismiss (doc. # 3), wherein the United States argues in part that this action should be dismissed for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). Having considered the parties' memoranda in light of the record, the Court finds that the motion should be granted because the plaintiffs' claims are barred by the doctrine of sovereign immunity.[1]

1. The United States alternatively argues that the complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. While the Court need not resolve this issue based on its finding that it lacks subject matter jurisdiction over this action, the Court notes that the plaintiffs' separation of powers

The United States, as sovereign, may not be sued without its consent, and the terms of consent define a federal district court's jurisdiction to hear the suit. *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). Thus, no suit may be maintained against the United States unless it is brought in compliance with a specific statute under which the United States has consented to suit. *Id.* The plaintiffs, however, have not, in either their complaint or responsive memorandum, cited to any jurisdictional statute abrogating the United States' sovereign immunity under the circumstances of this action, and the Court is aware of none.

While 28 U.S.C. § 1346(a)(1) generally grants federal district courts jurisdiction over civil actions against the United States for the recovery of any sums allegedly wrongfully collected under federal internal revenue laws, such jurisdiction is lacking unless the taxpayer has first paid the assessed tax and has filed an administrative claim for a refund with the IRS. *United States v. Dalm,* 494 U.S. 596, 601–02, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990); 26 U.S.C. § 7422(a); *Boyd v. United States,* 762 F.2d 1369, 1371 (9th Cir.1985) (The filing of a refund claim meeting the requirements of the IRC and the regulations is a "jurisdictional prerequisite" to a suit seeking to recover taxes which have been erroneously or illegally collected.) The Court concludes that it lacks such jurisdiction here because the plaintiffs have alleged nothing showing that they complied with the conditions precedent to filing a tax refund suit.

Furthermore, to the extent that the plaintiffs are seeking such, the Court has no jurisdiction to enter any declaration to the effect that the IRS wrongfully determined the amount of taxes owed by the plaintiffs, *see* 28 U.S.C. § 2201; *Hughes v. United States,* 953 F.2d 531, 536–37 (9th Cir.1992), or to enjoin the IRS from assessing or collecting taxes from them because they have not alleged any non-frivolous grounds for invoking any of the statutory or judicially-created exceptions to the Anti–Injunction Act, 26 U.S.C. § 7421(a). *Id.* at 535. Therefore,

IT IS ORDERED that plaintiff Cynthia Doyal's Motion to Seal (doc. # 2) is granted solely to the extent that the Clerk of the Court shall remove the copies of the plaintiffs' 1999 federal income tax return filed as an exhibit to both the complaint (doc. # 1) and the Affidavit of Dennis and Cynthia Doyal (doc. # 9) and shall main-

argument is frivolous as a matter of law. Pursuant to the Internal Revenue Code (IRC), a statute adopted by Congress, "[t]he Secretary shall collect the taxes imposed by the internal revenue laws." 26 U.S.C. § 6301. The IRC defines "Secretary" as "the Secretary of the Treasury or his delegate", 26 U.S.C. § 7701(a)(11)(B), and defines "delegate" as "any officer, employee, or agency of the Treasury Department duly authorized by the Secretary of the Treasury directly, or indirectly by one or more redelegations of authority, to perform the function mentioned or described in the context[.]" 26 U.S.C. § 7701(a)(12)(A)(i). Thus, "[t]he IRS is required to make the inquiries, determinations, and assessments of all taxes imposed by Title 26." *Stang v. IRS,* 788 F.2d 564, 565 (9th Cir.1986) (Internal quotation marks omitted); 26 U.S.C. § 6201, and IRS employees, as the result of Treasury Department regulations, have the delegated authority to send out the notices and make the determinations about which the plaintiffs complain. *Hughes v. United States,* 953 F.2d 531, 536 (9th Cir. 1992) ("Relevant statutes and regulations demonstrate ... that the Secretary [of the Treasury] does have the power to collect taxes, and that such power can be delegated to local IRS agents.... The delegation of authority down the chain of command, from the Secretary to the Commissioner of Internal Revenue, to local IRS employees constitutes a valid delegation by the Secretary to the Commissioner, and a redelegation by the Commissioner to the delegated officers and employees.")

tain those exhibits under seal; the remainder of the record of this action shall be unsealed.

IT IS FURTHER ORDERED that the plaintiffs' Application for Default Judgment (doc. # 8) is denied.

IT IS FURTHER ORDERED that the plaintiffs' Motion for Extension of Time to [Respond to] Defendant's Motion to Dismiss (doc. # 10) is granted to the extent that Plaintiff[s'] Objection to United States['] Motion to Dismiss (doc. # 11) is deemed to have been timely filed.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss (doc. # 3) is granted to the extent that this action is dismissed in its entirety for lack of subject matter jurisdiction. The Clerk of the Court shall enter judgment accordingly.